UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
:
DEUTSCHE BANK NATIONAL TRUST :
COMPANY, solely as Trustee of the GSR :
Mortgage Loan Trust 2007-OA1, :
 :
*Plaintiff*, :
 :
-*against*- :
 :
QUICKEN LOANS INC., :
 :
*Defendant*. :
 :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 4, 2014

No. 13 Civ. 6482 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff alleges that Defendant breached its contractual obligation to repurchase mortgage loans that it sold pursuant to materially false representations and warranties. Defendant moves to dismiss the Complaint on the grounds that it is time-barred, among other reasons. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Deutsche Bank National Trust Company is a national banking association with its principal place of business in California, and is the trustee of the GSR Mortgage Loan Trust 2007-OA1. (Compl. ¶ 8.) Defendant Quicken Loans Inc. is a Michigan corporation that originated the mortgage loans at issue, which it initially sold to nonparty Goldman Sachs Mortgage Company pursuant to a Purchase Agreement dated June 1, 2006. (*Id.* ¶¶ 10, 15; Sidman Decl. Ex. 2 (Purchase Agreement).)

In the 2006 Purchase Agreement, Defendant made a series of representations and warranties ("R&Ws") regarding the quality of the mortgage loans, such as their compliance with

1

certain underwriting standards.  (*See* Purchase Agreement §§ 3.01, 3.02.)  These R&Ws were made "as of" the closing and transfer dates set forth in subsequent Purchase Confirmation Letters.  (*See id.* §§ 2.01, 3.01.)  Plaintiff alleges that those R&Ws were false when made.  (*See* Compl. ¶¶ 34, 73.)

The Purchase Agreement provides that if either the buyer or seller discovers a material breach of any of the R&Ws, the party discovering the breach must "give prompt written notice to the other."  (Purchase Agreement § 3.03.)  The seller then has 60 days either to cure the breach or to repurchase the loans, and an additional 15 days if the seller "is diligently pursuing a cure and the circumstances reasonably require" an extension.  (*Id.*)  The Purchase Agreement defines the accrual of a cause of action against Defendant as follows:

> Any cause of action against [Quicken] relating to or arising out of the Material Breach of any representations and warranties made in Sections 3.01 and 3.02 shall accrue as to any Mortgage Loan upon (i) the earlier of discovery of such breach by [Quicken] or notice thereof by the Purchaser to [Quicken], (ii) failure by the [Quicken] to cure such Material Breach or repurchase such Mortgage Loan as specified above, and (iii) demand upon [Quicken] by the Purchaser for compliance with this Agreement.

(*Id.*)  The Purchase Agreement also provides that it is governed by New York law.  (*Id.* § 9.04.)

Pursuant to three transactions, each dated April 1, 2007, the mortgage loans and rights under the Purchase Agreement were sold to Plaintiff.  (*See* Compl. ¶¶ 17–18.)  The mortgage loans were then securitized into a pool of residential mortgage-backed securities ("RMBS") in a transaction that closed on May 8, 2007.  (Compl. ¶ 20.)  The Complaint alleges that at an unspecified later date, an investor[1] retained two firms to conduct analyses of the mortgage loans, which revealed breaches of the R&Ws.  (*Id.* ¶¶ 35–44.)

---

[1] The summons with notice filed in New York Supreme Court indicates that this investor was the Federal Home Loan Mortgage Corporation, also known as "Freddie Mac."  (*See* Sidman Decl. Ex. 7.)

2

On May 8, 2013, the Federal Housing Finance Agency ("FHFA") commenced this action "as conservator of" Freddie Mac and "on behalf of" Plaintiff by filing a summons with notice in New York Supreme Court.  (Sidman Decl. Ex. 7.)  These papers were served on Defendant on September 4, 2013.  (*Id.*)  Defendant removed the action to this Court on September 13, 2013.  (*Id.* Ex. 7.)  Although FHFA filed the action in state court, Plaintiff appeared in this Court and filed the Complaint.  FHFA apparently has ceased its pursuit of this action due to a contractual provision that precludes investors from pursuing claims unless certain conditions are satisfied.  (*See* Def.'s Mem. at 1 n.2; Pl.'s Opp'n at 13 n.10; Sidman Decl. Ex. 4 § 12.07.)[2]

Defendant contends that the six-year limitations period began to run on the dates indicated in the Purchase Confirmation Letters, the last of which was April 2, 2007, and accordingly that the action is time-barred.  (Def.'s Mem. at 7.)  Plaintiff disagrees, contending that pursuant to the Purchase Agreement's accrual provision, the period did not begin to run until 2013, when it first demanded compliance.  Plaintiff also suggests that even if the accrual and notice-and-cure provisions were ignored, the action is still timely because it was filed exactly six years after the securitization transaction closed on May 8, 2007.  (*See* Pl.'s Opp'n at 9; Compl. ¶ 20.)

---

[2] *See generally Walnut Place LLC v. Countrywide Home Loans, Inc.*, 35 Misc. 3d 1207(A), at *3 (N.Y. Sup. Ct. 2012) (explaining the purposes of such "no-action clauses," which include "deter[ring] individual [certificate] holders from bringing independent law suits which are more effectively brought by the [mortgage loan] trustee"), *aff'd*, 948 N.Y.S.2d 580 (App. Div. 1st Dep't 2012).

## **DISCUSSION**

**I.     Legal Standards**

    **A.     Standard for a Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept well-pleaded factual allegations as true, "drawing all reasonable inferences in the plaintiff's favor." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011).

Nonetheless, "[a]n action should be dismissed pursuant to Rule 12(b)(6) where documents properly considered on a motion to dismiss reveal that the action is time barred." *Noboa v. MSC Crociere S.p.A.*, No. 08-CV-2896, 2009 WL 1227451, at *2 (S.D.N.Y. May 5, 2009) (Leisure, J.); *see Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). In addition to reviewing the complaint, "the court may also rely upon documents attached to the complaint as exhibits and documents incorporated by reference in the complaint. . . . [,] matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (alteration and quotation marks omitted).

    **B.     Statute of Limitations**

Under New York law, "a claim for breach of contract is governed by a six-year statute of limitations." *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 967 N.E.2d 1187, 1190 (N.Y. 2012) (citing N.Y. C.P.L.R. § 213(2)).  "[W]here a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed

from the time when the right to make the demand is complete . . . ." N.Y. C.P.L.R. § 206(a).  In other words, "the cause of action accrues when the party making the claim possesses a legal right to demand payment . . . . , not when it actually made the demand." *Hahn*, 967 N.E.2d at 1190–91.

Nevertheless, "New York courts do not instinctively apply CPLR 206(a) in every case where a demand is a predicate to suit.  Rather, they distinguish between substantive demands and procedural demands." *Cont'l Cas. Co. v. Stronghold Ins. Co.*, 77 F.3d 16, 21 (2d Cir. 1996).  Thus, CPLR 206(a) applies only to "procedural" demand requirements, *i.e.*, "where a right exists, but a demand is necessary to entitle a person to maintain an action." *Id.* at 21.  For example, "the demand upon the Board of Directors as a condition to bringing a shareholder derivative action" is a procedural demand requirement. *Id.* at 18.  A "substantive" demand requirement, on the other hand, is not subject to CPLR 206(a). *Id.* at 21.  A substantive demand is "an essential element of the plaintiff's cause of action." *Id.*  Examples include "bailment cases," "replevin cases involving good-faith purchasers of stolen art," and actions for indemnity by an insurer against a reinsurer. *Id.*

Therefore, the question is whether a given demand requirement is a procedural one, which does not delay the running of the period of limitations for bringing suit, or a substantive one, which does.

**II.    Analysis**

Here, the contracting parties agreed that "[a]ny cause of action . . . shall accrue" only upon the occurrence of three events:  (1) notice of a breach of the R&Ws, (2) Defendant's failure to cure the breach, *and* (3) Plaintiff's demand for compliance.  (Purchase Agreement § 3.03.) Based on Plaintiff's allegation that no demand was made until sometime in late 2013, the

limitations period would not expire until 2019.

Recent cases, however, have concluded that such accrual clauses are ineffective in delaying the start of the period of limitations beyond the date of an underlying breach of R&Ws. In *ACE Securities Corp. v. DB Structured Products, Inc.*, 977 N.Y.S.2d 229, 231 (App. Div. 1st Dep't 2013) ("*ACE I*"),[3] the applicable contracts provided that "the trustee was not entitled to sue or to demand that defendant repurchase defective mortgage loans until it discovered or received notice of a breach *and* the cure period lapsed." The Appellate Division, however, reversed the lower court's decision that the plaintiff's claims did not accrue until those conditions were satisfied: "To the contrary, the claims accrued on the closing date of the [mortgage loan purchase agreement], when any breach of the representations and warranties contained therein occurred." *Id.*

Following *ACE I*, three courts in this District have reached the same conclusion. In a very similar case, involving a substantially identical accrual provision, Judge Scheindlin held that "the statute of limitations began running" when the "alleged breach of Representations occurred." *Lehman XS Trust, Series 2006-4N v. Greenpoint Mortg. Funding, Inc.*, No, 13-CV-4707, 2014 WL 108523, at *3 (S.D.N.Y. Jan. 10, 2014). Thus, "the Accrual Provision was merely a procedural prerequisite to the filing of a suit, and . . . the substantive *right to demand relief* arose the moment when [the defendant] sold and deposited the allegedly non-conforming Loans into the Trust . . . ." *Id.* Noting that "[t]his issue has been repeatedly addressed and resolved," the court explained that under New York law, "parties may not contractually adopt an accrual provision that effectively extends the statute of limitations before any claims have

---

[3] The New York Court of Appeals has granted leave to appeal this decision. No. APL-2014-156, 2014 WL 2891678, 2014 N.Y. Slip Op. 76202 (June 26, 2014). The appeal is scheduled to be fully briefed on October 28, 2014.

6

accrued." *Id.* at *4.  Also, Judge Nathan held in a similar case:

> When a plaintiff alleges that a representation or warranty was false, the relevant breach is the false representation or warranty, and the plaintiff has a legal right to demand payment as of the date it was made.  Numerous courts have held that a defendant's failure to repurchase a breached loan does not affect when the plaintiff's claim accrues, and therefore does not constitute a separate breach of contract.

*ACE Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 v. DB Structured Prods., Inc.*, No. 13-CV-1869, 2014 WL 1116758, at *6 (S.D.N.Y. Mar. 20, 2014) ("*ACE II*") (noting that "courts have often approached this issue in the context of determining when a statute of limitations began running"); *accord Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A.*, No. 12-CV-6168, 2014 WL 1259630, at *3 (S.D.N.Y. Mar. 27, 2014) (Cedarbaum, J.) ("[T]he statute of limitations began running when [the plaintiff] first could have made its demand.").[4]

Plaintiff's argument that all such decisions are "wrongly decided" is unpersuasive. (*See* Pl.'s Opp'n at 10 n.8; Pl.'s 2/10/14 Ltr. at 2 (ECF No. 23).)  U.S. courts are "bound to apply the law as interpreted by New York's intermediate appellate courts" absent "persuasive evidence that the New York Court of Appeals would reach a different conclusion."  *Cornejo v. Bell*, 592 F.3d 121, 130 (2d Cir. 2010) (quotation marks and alteration omitted).  Here, there is no persuasive evidence that the New York Court of Appeals would abrogate the rule stated in *ACE I* and the well-reasoned cases following it in this District.  On the contrary, the Court of Appeals recently expressed concern that delaying the running of the period of limitations until a demand is made "would allow [a plaintiff] to extend the statute of limitations indefinitely by simply

---

[4] One court in this District, however, reached a contrary conclusion prior to *ACE I* and denied a motion for reconsideration after *ACE I* without further explanation.  *See FHFA v. WMC Mortg., LLC*, No. 13-CV-584, 2013 WL 7144159, at *1 (S.D.N.Y. Dec. 17, 2013) (relying on the lower court decision that was subsequently reversed in *ACE I*); No. 13-CV-584, ECF No. 57 (S.D.N.Y. Jan. 7, 2014) (denying motion for reconsideration by memo endorsement).

failing to make a demand." *Hahn*, 967 N.E.2d at 1191.

Therefore, the Court holds that the period of limitations in this case began to run when the R&Ws were breached. The R&Ws were made "as of" the closing and transfer dates set forth in the various Purchase Confirmation Letters, and the R&Ws were allegedly false when made. Therefore, the R&Ws were allegedly breached on those dates, and Plaintiff was immediately legally entitled to make a demand for compliance.[5] That Plaintiff was unaware of the breach on those dates is irrelevant because "the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." *ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 360 (2d Cir. 1997).

Defendant submits that the last sale-and-transfer date set forth in the Purchase Confirmation Letters was April 2, 2007, which is more than six years before the action was commenced on May 8, 2013. Although the latest Purchase Confirmation Letter that Defendant submitted with its motion is dated March 7, 2007 (*see* Sidman Decl. Ex. 3), this does not, as Plaintiff argues, raise "fact issues" that preclude dismissal. To the extent that Plaintiff makes contract claims relating to the loans subject to those Purchase Confirmation Letters, the claims are dismissed because any breach occurred more than six years before the action was commenced. But to the extent that Plaintiff can make good-faith allegations regarding Purchase Confirmation Letters dated on or after May 8, 2007, it may do so in an amended complaint. *See generally* Fed. R. Civ. P. 11(b), 15(a)(2).

---

[5] The relevant date is not, as Plaintiff suggests, the later date when the securitization transaction closed, May 8, 2007. By then, the underlying mortgage loans had already been sold to the trust and thus the R&Ws had already become effective per the Purchase Agreement.

**III.    Plaintiff's Remaining Arguments**

The Court has considered Plaintiff's other arguments and finds them to be without merit.

First, the Housing and Economic Recovery Act's provision extending the statute of limitations for actions "brought by the [FHFA] as conservator or receiver," *see* 12 U.S.C. §4617(b)(12), does not apply.  The FHFA is not a party to this case, having apparently abandoned prosecution of this action after realizing that it was not a proper plaintiff.[6]  Furthermore, as Defendant notes, "FHFA is already seeking redress in this Court for losses Freddie Mac suffered on its investment in this Trust in a separate matter."  (Def.'s Reply at 8 (citing *FHFA v. Goldman Sachs, et al*, No. 11-cv-6198 (DLC) (S.D.N.Y)).)

The Court also rejects Plaintiff's argument that its claim for breach of the implied covenant of good faith and fair dealing should survive notwithstanding dismissal of the contract claim.  Where, as here, "the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract," "a claim for breach of the implied covenant will be dismissed as redundant."  *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 365 (S.D.N.Y. 2012) (quotation marks omitted).  "Even where the breach of contract claim is dismissed, the good faith/fair dealing claim will be dismissed if it is redundant."  *See Lorterdan Properties at Ramapo I, LLC v. Watctower Bible & Tract Soc'y of N.Y., Inc.*, No. 11-CV-3656, 2012 WL 2873648, *8 (S.D.N.Y. July 10, 2012).  Accordingly, Plaintiff's claim for breach of the implied covenant is dismissed.

## CONCLUSION

The New York Court of Appeals has held that New York's "Statutes of Limitation are statutes of repose representing a *legislative* judgment that occasional hardship is outweighed by

---

[6] *See supra* n.2 and accompanying text.

the advantage of barring stale claims." *Ely-Cruikshank Co., Inc. v. Bank of Montreal*, 615 N.E.2d 985, 988 (N.Y. 1993) (citations, quotation marks, and alterations omitted). Plaintiff's action was not commenced within the six-year period of limitations. Accordingly, Defendant's motion to dismiss is GRANTED.

Plaintiff is granted leave to replead only to the extent that it can make good-faith allegations regarding mortgage loans subject to Purchase Confirmation Letters dated on or after May 8, 2007.

Dated: New York, New York  
August 4, 2014

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge